IN THE UNITED STATES DISTRICT COURT
DISTRICT FOR SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Haley Ellen Hunt, | ) | Case No.: 8:14-cv-03640-BHH |
| Plaintiff, | ) | |
| v. | ) | **ANSWER OF DEFENDANTS TERRY DON PHILLIPS, MARVIN CARMICHAEL AND KYLE YOUNG** |
| Eddie Radwanski, Siri Mullinax, Jeff Robbins, Marvin Carmichael, Terry Don Phillips, Kyle Young, John Does 1-10, Maddy Elder, Heather Marik, Brittany Beaumont, Tabitha Padgett, Maggie Murphy, Lauren Arnold, Erica Kim, Emily Tatum, Deana Sherry, Vanessa Laxgang, Ashlynne Bass, Jessica Stephens, Hailey Karg and Morgan Hert, | ) | **(JURY TRIAL DEMANDED)** |
| Defendants. | ) | |

Defendants Terry Don Phillips, Marvin Carmichael, Kyle Young a (hereinafter "These Defendants"), responding to the Complaint of the Plaintiff, would respectfully show unto the Court as follows:

## FOR A FIRST DEFENSE

1. These Defendants deny the characterization of the incident which took place on August 18, 2011 as set forth in the Plaintiff's Complaint, and thus, deny the allegations contained in Paragraph 1 of the Complaint.

2. These Defendants, upon information and belief, admit the allegations contained in Paragraph 2 of the Complaint.

1

3.	These Defendants admit the allegations contained in Paragraph 3 of the Complaint.

4.	These Defendants admit the allegations contained in Paragraphs 4, 5, 6 and 7 of the Complaint.

5.	These Defendants admit so much of the allegations contained in Paragraph 8 of the Complaint as alleged that Defendant Kyle Young was a resident of Clemson, South Carolina, was employed by Clemson University as Associate Athletic Director and is sued individually and in his official capacity as an employee of Clemson University. These Defendants deny the remaining allegations contained in Paragraph 8 of the Complaint.

6.	These Defendants deny the allegations contained in Paragraph 9 of the Complaint.

7.	These Defendants admit so much of the allegations contained in Paragraphs 10, 11 and 12 of the Complaint as alleged that the Defendants referenced in these paragraphs were players on the Clemson University Soccer Team. These Defendants lack sufficient information to respond to the remaining allegations of Paragraphs 10, 11 and 12 and therefore deny the same.

8.	These Defendants lack sufficient information to respond to the allegations contained in Paragraph 13 of the Complaint and therefore, deny the same.

9.	These Defendants admit so much of the allegations contained in Paragraphs 14, 15, 16, 17, 18, 19, 20, 21, 22 and 23 of the Complaint as alleged that the Defendants referenced in these paragraphs were players on the Clemson University Soccer Team. These Defendants lack sufficient information to respond to the remaining

allegations of Paragraphs 14, 15, 16, 17, 18, 19, 20, 21, 22 and 23, and therefore deny the same.

10. These Defendants admit so much of the allegations contained in Paragraph 24 of the Complaint as alleged that this Court has jurisdiction over the case as pled with the exception of the Doe Defendants. In further response, these Defendants crave reference to their responses previously pled.

11. These Defendants admit so much of the allegations contained in Paragraph 25 of the Complaint as alleged that this Court has jurisdiction over the subject matter of this action and that venue would be appropriate in the Anderson Division of the United States District Court in light of the fact that the alleged acts giving rise to the Complaint are alleged to have occurred in Pickens County. These Defendants deny any remaining allegations contained in Paragraph 25 of the Complaint inconsistent herewith.

12. These Defendants admit so much of the allegations contained in Paragraph 26 of the Complaint as alleged that the Plaintiff had academic and athletic qualifications consistent with a student-athlete at Clemson University. These Defendants do not have specific information as to Ms. Hunt's academic honors or other scholarship offers and, therefore, are not in a position to admit or deny the allegations contained in Paragraph 26 of the Complaint.

13. These Defendants, upon information and belief, admit the allegations contained in Paragraphs 27, 28, 29 and 30 of the Complaint.

14. These Defendants have no knowledge as to any communications between Ms. Hunt and Defendant Radwanski and, therefore, deny the allegations contained in Paragraph 31 of the Complaint.

3

15.    Upon information and belief, these Defendants deny the allegations contained in Paragraph 32 of the Complaint.

16.    These Defendants were not privy to any conversations between the Plaintiff and Defendant Radwanski and, therefore, deny the allegations contained in Paragraph 33 of the Complaint.

17.    These Defendants have no knowledge as to what courses Ms. Hunt may have taken and when she may have taken them at Clemson University and, therefore, are not in a position to admit or deny the allegations contained in Paragraph 34 of the Complaint.

18.    Upon information and belief, these Defendants deny the allegations contained in Paragraph 35 of the Complaint.

19.    These Defendants deny the allegations contained in Paragraphs 36 and 37 of the Complaint.

20.    These Defendants admit so much of the allegations contained in Paragraph 38 of the Complaint as alleged that Clemson University has written policies against hazing and craves reference to those policies. These Defendants deny the remaining allegations contained in Paragraph 38 of the Complaint.

21.    With regard to Paragraph 39 of the Complaint, these Defendants would not have been privy to any conversations between other Defendants alleged in Paragraph 39 and therefore are not in a position to admit or deny what those Defendants would have discussed. These Defendants deny the remaining allegations contained in Paragraph 39 of the Complaint.

22.     Upon information and belief, these Defendants admit so much of the allegations contained in Paragraph 40 of the Complaint as alleged that one of the player Defendants had access to Riggs Field on the night in question. These Defendants, upon information and belief, deny the remaining allegations contained in Paragraph 40 of the Complaint.

23.     These Defendants, upon information and belief, deny the allegations contained in Paragraph 41 of the Complaint.

24.     Upon information and belief, these Defendants deny the allegations contained in Paragraphs 42, 43, 44, 45, 46, 47, 48, 49 and 50 of the Complaint.

25.     These Defendants, upon information and belief, admit so much of the allegations contained in Paragraph 51 of the Complaint as alleged that Ms. Hunt, on the night in question, ran into a brick wall. These Defendants deny the remaining allegations contained in Paragraph 51 of the Complaint.

26.     Upon information and belief, these Defendants deny the allegations contained in Paragraph 52 of the Complaint.

27.     Upon information and belief, these Defendants admit so much of the allegations contained in Paragraph 53 of the Complaint as alleged that Defendant Mullinax and Michelle Bensmen, an athletic trainer for the Clemson University Women's Soccer team, came to the assistance of the Plaintiff. Upon information and belief, These Defendants deny the remaining allegations contained in Paragraph 53 of the Complaint.

28.     These Defendants admit so much of the allegations contained in Paragraph 54 of the Complaint as alleged that the Plaintiff was examined and treated by Michelle Bensmen, an athletic trainer for Clemson University, on site as opposed to being taken

to the emergency room. These Defendants deny the remaining allegations contained in Paragraph 54 of the Complaint.

29. These Defendants, upon information and belief, deny the allegations contained in Paragraph 55 of the Complaint.

30. Upon information and belief, these Defendants admit so much of the allegations contained in Paragraph 56 of the Complaint as alleged that the Plaintiff called her parents to inform them of her alleged injuries. These Defendants were unaware of Ms. Hunt's injuries before she contacted her mother. Upon information and belief, these Defendants deny the remaining allegations contained in Paragraph 56 of the Complaint.

31. These Defendants, upon information and belief, admit so much of the allegations contained in Paragraph 57 of the Complaint as alleged that Defendant Mullinax spoke with Ms. Hunt's parents and stayed with Ms. Hunt the remainder of the evening. These Defendants deny, upon information and belief, the remaining allegations contained in Paragraph 57 of the Complaint.

32. These Defendants admit the allegations contained in Paragraph 58 of the Complaint.

33. These Defendants, upon information and belief, admit so much of the allegations contained in Paragraph 59 of the Complaint as alleged that the Plaintiff sustained certain injuries and received medical treatment for a concussion in the days following the subject incident from certain doctors. These Defendants deny any remaining allegations contained in Paragraph 59 of the Complaint inconsistent with the preceding admissions in this paragraph.

34.     These Defendants, upon information and belief, admit so much of the allegations contained in Paragraph 60 of the Complaint as alleged that the Plaintiff sustained certain injuries. These Defendants deny the remaining allegations contained in Paragraph 60 of the Complaint inconsistent with this admission.

35.     Upon information and belief, these Defendants admit so much of the allegations contained in Paragraph 61 of the Complaint as alleged that the Plaintiff was unable to participate in soccer-related activities until medically cleared. These Defendants lack sufficient information to respond to the remaining allegations contained in Paragraph 61 of the Complaint and, therefore, deny the same.

36.     With regard to the allegations contained in Paragraph 62 of the Complaint, upon information and belief, the Clemson University coaches had conversations with team members regarding this incident. These Defendants, upon information and belief, deny the remaining allegations contained in Paragraph 62 of the Complaint.

37.     These Defendants deny the allegations contained in Paragraphs 63 and 64 of the Complaint.

38.     Upon information and belief, these Defendants admit so much of the allegations contained in Paragraph 65 of the Complaint as alleged that the Plaintiff did not return to playing soccer until she had been medically cleared. These Defendants deny the remaining allegations contained in Paragraph 65 of the Complaint.

39.     These Defendants, upon information and belief, deny the allegations contained in Paragraph 66 of the Complaint.

40.     These Defendants were not privy to the alleged conversations contained in Paragraph 67 of the Complaint and, therefore, deny the same.

7

41. Upon information and belief, these Defendants deny the allegations contained in Paragraph 68 of the Complaint.

42. These Defendants deny the allegations contained in Paragraph 69 of the Complaint.

43. These Defendants admit the allegations contained in Paragraph 70 of the Complaint to the extent that it alleges that the Clemson University Athletic Department investigated the facts and circumstances of the events in question. These Defendants deny any allegations contained in Paragraph 70 of the Complaint inconsistent with this admission.

44. These Defendants admit so much of the allegations contained in Paragraph 71 of the Complaint as alleged that the Defendant Kyle Young met with some of the Clemson University coach Defendants to discuss the incident. These Defendants deny the remaining allegations contained in Paragraph 71 of the Complaint.

45. These Defendants deny the allegations contained in Paragraph 72 of the Complaint.

46. These Defendants admit so much of the allegations contained in Paragraph 73 of the Complaint as alleged that the Clemson Administration Defendants fully cooperated with the investigation in this case. These Defendants deny any remaining allegations contained in Paragraph 73 of the Complaint inconsistent therewith.

47. Upon information and belief, these Defendants admit so much of the allegations contained in Paragraph 74 of the Complaint as alleged that OCES conducted interviews with players regarding the facts of the incident. These Defendants deny the remaining allegations contained in Paragraph 74 of the Complaint.

48. These Defendants admit so much of the allegations contained in Paragraph 75 of the Complaint as alleged that the OCES found that actions involving members of the Clemson University Women's Soccer team were found in violation of the University student Code of Conduct. These Defendants deny the remaining allegations contained in Paragraph 75 of the Complaint inconsistent with this admission.

49. These Defendants, upon information and belief, admit so much of the allegations contained in Paragraph 76 of the Complaint as alleged that the OCES placed team members on disciplinary probation through December 31, 2011 and players were required to attend a hazing and athletic teams' workshop. These Defendants deny the remaining allegations contained in Paragraph 76.

50. These Defendants, upon information and belief, admit the allegations contained in Paragraph 77 of the Complaint.

51. Upon information and belief, these Defendants deny the allegations contained in Paragraph 78 of the Complaint.

52. These Defendants, upon information and belief, admit so much of the allegations contained in Paragraph 79 of the Complaint as alleged that Plaintiff was treated by a neurologist, David R. Wiercisiewski, M.D. These Defendants lack access to the Plaintiff's medical records and, therefore, deny the remaining allegations contained in Paragraph 79 of the Complaint.

53. These Defendants lack sufficient information to respond to the allegations contained in Paragraphs 80 and 81 of the Complaint and, therefore, deny the same.

54. These Defendants deny the allegations contained in Paragraph 82 of the Complaint.

55. With regard to Paragraph 83 of the Complaint, these Defendants crave reference to their responses previously pled.

56. The allegations contained in Paragraphs 84, 85 (including subparts A, B, C, D, E, F, G, H, I, J, K and L) and 86 (including subparts A, B, C, D, E, F and G) of the Complaint do not apply to these Defendants; thus, no response is required. To the extent a response is required, these Defendants deny the allegations contained in Paragraphs 84, 85 (including subparts A, B, C, D, E, F and G) and 86 of the Complaint.

57. With regard to Paragraph 87 of the Complaint, these Defendants crave reference to their responses previously pled.

58. The allegations contained in Paragraphs 88, 89, 90, 91, 92, 93 and 94 (including subparts A, B, C, D, E, F and G) of the Complaint do not apply to these Defendants; thus, no response is required. To the extent a response is required, these Defendants deny the allegations contained in Paragraphs 88, 89, 90, 91, 92, 93 and 94 (including all subparts) of the Complaint.

59. With regard to Paragraph 95 of the Complaint, these Defendants crave reference to their responses previously pled.

60. The allegations contained in Paragraphs 96, 97, 98 and 99 (including subparts A, B, C, D, E, F and G) of the Complaint do not apply to these Defendants; thus, no response is required. To the extent a response is required, these Defendants deny the allegations contained in Paragraphs 96, 97, 98 and 99 (including all subparts) of the Complaint.

61. With regard to Paragraph 100 of the Complaint, these Defendants crave reference to their responses previously pled.

62. The allegations contained in Paragraphs 101 (including subparts A, B, C, D, E, F, G and H), 102, 103 and 104 (including subparts A, B, C, D, E, F and G) of the Complaint do not apply to these Defendants; thus, no response is required. To the extent a response is required, these Defendants deny the allegations contained in Paragraphs 101, 102, 103 and 104 (including all subparts) of the Complaint.

63. With regard to Paragraph 105 of the Complaint, these Defendants crave reference to their responses previously pled.

64. The allegations contained in Paragraphs 106, 107, 108, 109, 110, 111, 112 and 113 (including subparts A, B, C, D, E, F and G) of the Complaint do not apply to these Defendants; thus, no response is required. To the extent a response is required, these Defendants deny the allegations contained in Paragraphs 106, 107, 108, 109, 110, 111, 112 and 113 (including all subparts) of the Complaint.

65. With regard to Paragraph 114 of the Complaint, these Defendants crave reference to their responses previously pled.

66. The allegations contained in Paragraphs 115, 116, 117, 118, 119, 120 and 121 (including subparts A, B, C, D, E, F and G) of the Complaint do not apply to these Defendants; thus, no response is required. To the extent a response is required, these Defendants deny the allegations contained in Paragraphs 115, 116, 117, 118, 119, 120 and 121 (including all subparts) of the Complaint.

67. With regard to Paragraph 122 of the Complaint, these Defendants crave reference to their responses previously pled.

68. The allegations contained in Paragraphs 123, 124, 125, 126, 127, 128, 129, 130 and 131 (including subparts A, B, C, D, E, F and G) of the Complaint do not apply to

these Defendants; thus, no response is required. To the extent a response is required, these Defendants deny the allegations contained in Paragraphs 123, 124, 125, 126, 127, 128, 129, 130 and 131 (including all subparts) of the Complaint.

69.     With regard to Paragraph 132 of the Complaint, these Defendants crave reference to their responses previously pled.

70.     The allegations contained in Paragraph 133 of the Complaint do not apply to these Defendants; thus, no response is required. To the extent a response is required, these Defendants deny the allegations contained in Paragraph 133 of the Complaint.

71.     Upon information and belief, these Defendants deny the allegations contained in 134, 135, 136, 137, 138, 139 and 140 (including subparts A, B, C, D, E, F and G).

72.     With regard to Paragraph 141 of the Complaint, these Defendants crave reference to their responses previously pled.

73.     These Defendants admit so much of the allegations contained in Paragraph 142 of the Complaint as alleged that these Defendants were, at all relevant times, employees of Clemson University. In accordance with the Clemson University administration, these Defendants' denial of the prior allegations of the Plaintiff's Complaint would crave reference to their specific job responsibilities and legal duties and deny the allegations contained in Paragraph 142 inconsistent therewith.

74.     These Defendants deny the allegations contained in Paragraph 143 of the Complaint.

75.     These Defendants, upon information and belief, deny the allegations contained in Paragraphs 144, 145 and 146 of the Complaint.

12

76. These Defendants deny the allegations contained in Paragraphs 147, 148, 149, 150, 151 and 152 (including subparts A, B, C, D, E, F and G) of the Complaint.

77. With regard to Paragraph 153 of the Complaint, these Defendants crave reference to their responses previously pled.

78. These Defendants deny the allegations contained in Paragraphs 154, 155, 156, 157, 158, 159, 160, 161 and 162 (including subparts A, B, C, D, E, F and G) of the Complaint.

79. With regard to Paragraph 163 of the Complaint, these Defendants crave reference to their responses previously pled.

80. With regard to the allegations contained in Paragraph 164 of the Complaint, these Defendants admit so much of the allegations as alleged that they were, at all relevant times, employees of Clemson University and executed their duties as required by their job responsibilities and state law. These Defendants deny any remaining allegations contained in Paragraph 164 of the Complaint inconsistent therewith.

81. With regard to the allegations contained in Paragraph 165 of the Complaint, these Defendants admit so much of the allegations as alleged that they were, at all relevant times, employees of Clemson University and executed their duties as required by their job responsibilities and state law. These Defendants deny any remaining allegations contained in Paragraph 165 of the Complaint inconsistent therewith.

82. These Defendants deny the allegations contained in Paragraphs 166, 167, 168, 169, 170 and 171 (including subparts A, B, C, D, E, F and G) of the Complaint.

83. With regard to Paragraph 172 of the Complaint, these Defendants crave reference to their responses previously pled.

84.     With regard to the allegations contained in Paragraph 173 of the Complaint, these Defendants admit so much of the allegations as alleged that they were, at all relevant times, employees of Clemson University and executed their duties as required by their job descriptions and in accordance with State Law. These Defendants deny any remaining allegations contained in Paragraph 173 of the Complaint inconsistent therewith.

85.     These Defendants deny the allegations contained in Paragraphs 174, 175, 176, 177, 178, 179 and 180 (including subparts A, B, C, D, E, F and G) of the Complaint.

86.     These Defendants deny each and every allegation of the Plaintiff's Complaint not previously modified, admitted or explained.

## FOR A SECOND DEFENSE
(Rule 12(b)(6) Failure to State a Claim)

87.     These Defendants reallege and incorporate each and every allegation contained in Paragraphs 1 through 86 as if contained fully herein and repeated verbatim.

88.     Pursuant to Rule 12(b)(6), the Plaintiff's Complaint fails to state a claim for which relief can be granted and should be dismissed with prejudice.

## FOR A THIRD DEFENSE
[Statute of Limitations]

89.     These Defendants reallege and incorporate each and every allegation contained in Paragraphs 1 through 88 as if contained fully herein and repeated verbatim.

90.     These Defendants allege that the Plaintiff failed to timely file and serve the Summons and Complaint within the applicable two-year statute of limitations. The Plaintiff alleges that she sustained injuries resulting in damages in an incident occurring on or about August 18, 2011. Plaintiff commenced this action by the filing of the Summons and

Complaint in the Court of Common Pleas for Pickens County on or about August 15, 2014. Having failed to commence this action within the two year statute of limitations set forth in South Carolina Code §15-78-100 and §15-78-110 of the South Carolina Tort Claims Act, Plaintiff is forever barred from recovery against these Defendants for claims arising under state law and any such claims should be dismissed with prejudice.

**FOR A FOURTH DEFENSE**
[Failure to Exhaust Administrative Remedies]

91.    These Defendants reallege and incorporate each and every allegation contained in Paragraphs 1 through 90 as if contained fully herein and repeated verbatim.

92.    These Defendants allege the Plaintiff has failed to exhaust administrative remedies and therefore the Plaintiff's Complaint should be dismissed.

**FOR A FIFTH DEFENSE**
(Eleventh Amendment-Sovereign Immunity)

93.    These Defendants reallege and incorporate each and every allegation contained in Paragraphs 1 through 92 as if contained fully herein and repeated verbatim.

94.    These Defendants allege all rights pursuant to the Eleventh Amendment of the United States Constitution; therefore, the Plaintiff's Complaint should be dismissed.

**FOR AN SIXTH DEFENSE**
(Qualified Immunity)

95.    These Defendants reallege and incorporate each and every allegation contained in Paragraphs 1 through 94 as if contained fully herein and repeated verbatim.

96.    These Defendants hereby assert that they are entitled to qualified immunity pursuant to 42 U.S.C. § 1983 and all applicable common law and, therefore, the Plaintiff's Complaint should be dismissed.

## FOR A SEVENTH DEFENSE
(42 U.S.C. § 1983)

97.     These Defendants reallege and incorporate each and every allegation contained in Paragraphs 1 through 96 as if contained fully herein and repeated verbatim.

98.     These Defendants allege all rights and protections pursuant to 42 U.S.C. § 1983 and, therefore, the Plaintiff's Complaint should be dismissed.

## FOR AN EIGHTH DEFENSE
(Fourth and Eighth Amendments)

99.     These Defendants reallege and incorporates each and every allegation contained in Paragraphs 1 through 98 as if contained fully herein and repeated verbatim.

100.    These Defendants allege all rights pursuant to the Fourth and Eighth Amendment of the United States Constitution and, therefore, the Plaintiff's Complaint should be dismissed.

## FOR A NINTH DEFENSE
(S.C. Tort Claims Act)

101.    These Defendants reallege and incorporate each and every allegation contained in Paragraphs 1 through 100 as if contained fully herein and repeated verbatim.

102.    To the extent the Plaintiff is attempting to bring state law claims against these Defendants, pursuant to the South Carolina Tort Claims Act, these Defendants are not proper parties to this suit.

## FOR A TENTH DEFENSE
(Respondeat Superior)

103.    These Defendants incorporate and reallege each and every allegation contained in Paragraphs 1 through 102 as if contained fully herein and repeated verbatim.

104. The Plaintiff's Complaint against these Defendants is based on *Respondeat Superior* and therefore, barred pursuant to 42 USC §1983.

## FOR AN ELEVENTH DEFENSE
(Intervening Negligence of Third Parties)

105. These Defendants reallege and incorporate each and every allegation contained in Paragraphs 1 through 104 as if contained fully herein and repeated verbatim.

106. These Defendants allege that, even if they were negligent or reckless in any respects, which is expressly denied, and admitted solely for the purpose of this defense and no other, they are not liable to the Plaintiff for the resulting damages of the Plaintiff, if any, because of the intervening negligent, grossly negligent, reckless, willful and wanton acts of unknown third parties, which negligent and reckless acts on the part of these Defendants, were not reasonably foreseeable and intervened and acted as a direct and proximate cause of the incident, and the resulting damages, if any, sustained by the Plaintiff.

## FOR A TWELFTH DEFENSE
(Qualified Immunity)

107. These Defendants reallege and incorporate each and every allegation contained in Paragraphs 1 through 106 as if contained fully herein and repeated verbatim.

108. These Defendants hereby assert qualified immunity under Harlow v. Fitzgerald, 457 U.S. 800 (1982).

## FOR A THIRTEENTH DEFENSE
(42 U.S.C. §1983)

109. These Defendants reallege and incorporate each and every allegation contained in Paragraphs 1 through 108 as if contained fully herein and repeated verbatim.

110. These Defendants assert that the individually named employees are not "person[s]" for purposes under 42 U.S.C. §1983 as they are sued in their official capacity. Therefore, the Plaintiff's Complaint should be dismissed with prejudice.

## FOR A FOURTEENTH DEFENSE
(Punitive Damages)

111. These Defendants reallege and incorporate each and every allegation contained in Paragraphs 1 through 110 as if contained fully herein and repeated verbatim.

112. These Defendants assert that punitive damages cannot be recovered against a governmental entity or against governmental officials sued in the official capacity under 42 U.S.C. §1983. Therefore, the Plaintiff's claim for punitive damages should be stricken.

## FOR A FIFTEENTH DEFENSE
(Discretionary Duties)

113. These Defendants reallege and incorporate each and every allegation contained in Paragraphs 1 through 112 as if contained fully herein and repeated verbatim.

114. These Defendants assert that at all times relevant these Defendants, as well as any individuals acting on their behalf, were governmental officials performing discretionary functions and actions which would have been reasonably believed or thought to be consistent with the rights of the Plaintiff, and of which each of them has been alleged to have violated. Therefore, these Defendants are immune from suit as a matter of law.

## FOR A SIXTEENTH DEFENSE
(Lack of Deliberate Indifference)

115. These Defendants reallege and incorporate each and every allegation contained in Paragraphs 1 through 114 as if contained fully herein and repeated verbatim.

116. These Defendants assert they were never deliberately indifferent to the Plaintiff's needs or rights and, therefore, the Plaintiff's Complaint should be dismissed.

### FOR A SEVENTEENTH DEFENSE
(Objective Reasonable Rights)

117. These Defendants reallege and incorporate each and every allegation contained in Paragraphs 1 through 116 as if contained fully herein and repeated verbatim.

118. These Defendants assert and allege that their actions with regard to the Plaintiff were based upon an objective reasonable right based upon the existing law, which objective reasonable rights is a complete bar to Plaintiff's causes of action against these Defendants. Therefore, Plaintiff's Complaint should be dismissed.

### FOR AN EIGHTEENTH DEFENSE
(Lack of Knowledge of Violation)

119. These Defendants reallege and incorporate each and every allegation contained in Paragraphs 1 through 118 as if contained fully herein and repeated verbatim.

120. These Defendants would show that in acting with regard to the Plaintiff, they had no knowledge that any such actions were in violation of any of the Plaintiff's clearly established constitutional rights (which violations are specifically denied) which lack of knowledge is a complete bar to one or more of the Plaintiff's causes of actions against these Defendants. Therefore, Plaintiff's Complaint should be dismissed.

### FOR A NINETEENTH DEFENSE
(Limitations of Liability)

121. These Defendants reallege and incorporate each and every allegation contained in Paragraphs 1 through 120 as if contained fully herein and repeated verbatim.

122. These Defendants would show that with regard to their actions alleged in their official capacities, liability for such actions are barred by immunity afforded by

statutes, case law, United States Constitution and the Constitution of the State of South Carolina; therefore, the Plaintiff's Complaint should be dismissed.

## FOR A TWENTIETH DEFENSE
(Lack of Malice)

123. These Defendants reallege and incorporate each and every allegation contained in Paragraphs 1 through 122 as if contained fully herein and repeated verbatim.

124. These Defendants assert that at all times relevant hereto, these Defendants, as well as any individuals acting on behalf of these Defendants, in performance and non-performance of the alleged acts in the Complaint did not perform any acts, or fail to perform any acts in bad faith, and in a malicious manner with corrupt motives, or with deliberate indifference, and therefore each is immune from suit.

## FOR A TWENTY-FIRST DEFENSE
(Good Faith)

125. These Defendants reallege and incorporate each and every allegation contained in Paragraphs 1 through 124 as if contained fully herein and repeated verbatim.

126. These Defendants would show that in regard to the allegations of wrong doing in their official capacity, such actions were taken in good faith, within the scope of their official duties, which good faith is a bar to one or more of the Plaintiff's causes of action against these Defendants. Therefore, the Plaintiff's Complaint should be dismissed.

## FOR A TWENTY-SECOND DEFENSE
(Reasonable Reliance)

127. These Defendants reallege and incorporate each and every allegation contained in Paragraphs 1 through 126 as if contained fully herein and repeated verbatim.

128. These Defendants will show that their actions with regard to the Plaintiff were based upon an objective reasonable reliance upon existing law, which objective reasonable reliance is a complete bar to Plaintiff's causes of action against these Defendants.

**FOR A TWENTY-THIRD DEFENSE**
[Punitive Damages Violation of 5th, 7th, 8th and 14th Amendment Rights]

129. These Defendants reallege and incorporate each and every allegation contained in Paragraphs 1 through 128 as if contained fully herein and repeated verbatim.

130. These Defendants allege that an award of punitive damages would constitute an impermissible and excessive fine under the Eighth Amendment of the Constitution of the United States, and that such damages would further be a violation of the due process and equal protection clauses of the Fifth and Fourteenth Amendments, respectively, of the United States Constitution, as well as the applicable corresponding sections of the Constitution of the State of South Carolina, Article 1, Section 3.

131. The Plaintiff's claim for punitive damages violates these Defendants' rights to access to the Courts guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of unlimited punitive damages chills these Defendants' exercise of that right.

132. The Plaintiff's claim for punitive damages violates the due process and equal protection clauses of the Fourteenth Amendment for the following reasons:

    (a) This standard or test for determining the requisite mental state of these Defendants for imposition of punitive damages is void for vagueness; and

(b) Insofar as punitive damages are not measured against actual injury to the Plaintiffs are left wholly to the discretion of the jury, there is no objective standard that limits the amount of such damages that may be awarded, and the amount of punitive damages that may be awarded is indeterminate at the time of these Defendants' alleged conduct.

WHEREFORE, having fully answered the Complaint of the Plaintiff, these Defendants pray for dismissal of the Plaintiff's Complaint with prejudice and all such further relief as the court deems just and proper.

Respectfully submitted,

**Clarkson, Walsh, Terrell & Coulter, P.A.**

/s/Amy M. Snyder
Amy M. Snyder (Federal ID# 0980)
Patrick L. "Trey" Still, III (Federal ID# 9857)
P.O. Box 6728
Greenville, SC 29606
(864) 232-4400 Phone
(864) 235-4399 Fax
asnyder@clarksonwalsh.com email
tstill@clarksonwalsh.com email
**ATTORNEYS FOR DEFENDANTS MARVIN CARMICHAEL, TERRY DON PHILLIPS AND KYLE YOUNG**

Greenville, SC
September 26, 2014

**THESE DEFENDANTS DEMAND A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

**Clarkson, Walsh, Terrell & Coulter, P.A.**

/s/Amy M. Snyder

Amy M. Snyder (Federal ID# 0980)
Patrick L. "Trey" Still, III (Federal ID# 9857)
P.O. Box 6728
Greenville, SC 29606
(864) 232-4400 Phone
(864) 235-4399 Fax
asnyder@clarksonwalsh.com email
tstill@clarksonwalsh.com email
**ATTORNEYS FOR DEFENDANTS MARVIN CARMICHAEL, TERRY DON PHILLIPS AND KYLE YOUNG**

Greenville, SC
September 26, 2014